## FORREST *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 3, October Term, 1956 (Adv.).]

*Decided July 12, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDER-
SON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial
of the writ of *habeas corpus* by Judge Tucker of the Supreme
Bench of Baltimore City. Petitioner pleaded guilty in the
Criminal Court of Baltimore to a charge of false pretenses and
was sentenced to three years in the House of Correction.

Petitioner's first contention is that he was not represented
by counsel at the time he entered his plea. His own petition
and brief acknowledge that he was offered counsel by the
court but did not accept the offer. Petitioner has set out no
facts tending to show that for want of counsel an ingredient of
unfairness operated actively in the process which resulted in
his conviction, and so his allegations do not add up to a show-
ing that want of counsel brought about an unfair trial. *France
v. Warden*, 205 Md. 636; *Truelove v. Warden*, 207 Md. 636.

Petitioner says that his plea of guilty was obtained by
"treachery, surprise and fraud". His petition shows that this
means he would not have pleaded guilty if he had then known
that testimony of a handwriting expert, that he expected would
be offered against him, might not have been admitted as part
of the State's case. Petitioner does not claim that he is in-
nocent of the charge to which he pleaded guilty, merely that

662

he did so under a mistaken belief as to the state of the law of evidence. There is nothing to show that his plea was induced by coercion or fraud or anything other than a belief that he had no defense to the charge. This being so, he has no cause for complaint and no basis for the issuance of the writ of *habeas corpus*.

*Application denied, with costs.*